AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>SUBHAN BAKSH<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)     5:20-mj-1173-PRL<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 30, 2020__ in the county of __Lake__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. Sec. 1326(a) and (b)(1) | Illegal reentry into the United States by a previously deported/removed alien (with a prior felony conviction) |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Mark Annotti, Deportation Officer, DHS/ICE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/09/2020

_____
*Judge's signature*

City and state: Ocala, Florida

Philip R. Lammens, United States Magistrate Judge
*Printed name and title*

STATE OF FLORIDA                                CASE NO. 5:20-mj-1173-PRL

COUNTY OF MARION

### AFFIDAVIT IN SUPPORT OF THE ISSUANCE OF A CRIMINAL COMPLAINT

I, Mark Annotti, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Deportation Officer (DO) with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Enforcement Removal Operations (ERO), and have been employed with DHS/ICE/ERO for 17 years. I am currently appointed as the ERO Criminal Prosecutions (ECP) Officer assigned to Orlando, Florida. My duties include the investigation, arrest, and prosecution of cases involving persons who are illegally residing in the United States in violation of federal law.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set

forth only those facts I believe are necessary to establish probable cause that a violation of federal law has been committed.

3. On October 29, 2020, the Clermont Police Department (PD) arrested **Subhan BAKSH** and booked him into the Lake County Jail (LCJ) based on state criminal charge of (1) knowingly drive while license suspended revoked for DUI. Following his arrest, the LCJ booking system automatically forwarded **BAKSH's** information to the ACRIMe (Alien Criminal Response Information Management System) national database. On October 30, 2020, DO Michael Klim of ERO Orlando identified **BAKSH's** information in ACRIMe, verified his identity, and determined that he likely was in the United States illegally. DO Klim filed an ICE immigration detainer on **BAKSH** with LCJ.

4. On November 2, 2020, DO Klim interviewed and fingerprinted **BAKSH** at the LCJ pursuant to administrative removal procedures. When DO Klim advised **BAKSH** of his constitutional rights in English, **BAKSH** requested the assistance of an attorney. All questioning ceased.

5. On November 2, 2020, DO Klim submitted the set of fingerprints taken from **BAKSH** at the LCJ to the Federal Bureau of Investigation Criminal Justice Information Services Division (also referred to as IAFIS). IAFIS analyzed the set of fingerprints and found them to match **BAKSH** and

his unique FBI number. DO Klim forwarded **BAKSH's** case to me because it falls under the guidelines of my assigned duties as the ECP Officer.

6. A review of various databases and ICE records disclosed that **BAKSH** has an Alien File Number (A xxx xxx 743). He was born in 1976, in Georgetown, Guyana. He is a citizen of Guyana and not a citizen of the United States. On January 16, 2014, **BAKSH** was administratively ordered deported/removed from the United States to Guyana. **BAKSH** was physically removed from the United States to Guyana on March 17, 2014.

7. **BAKSH** has never applied to the Attorney General of the United States and/or the Secretary of the Department of Homeland Security for permission to re-enter the United States after being removed/deported from the United States.

8. A criminal history check revealed that **BAKSH** was convicted of DUI (two prior DUI convictions), a felony violation of Florida law, on October 17, 2013. He received a sentence of 180 days' imprisonment, 1 year probation, and his driver's license was revoked for 10 years.

9. Based on the foregoing, there is probable cause to believe that on October 29, 2020, **BAKSH** was found to be in the United States voluntarily after being previously removed or deported, in violation of 8 U.S.C. § 1326 (a) and (b)(1).

10. This concludes my affidavit.

_____
Mark Annotti
Deportation Officer
Immigration & Customs Enforcement

Subscribed and sworn to before me
this 9 day of November, 2020.

_____
The Honorable Philip R. Lammens
United States Magistrate Judge